IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Delicia A. Marburgh, as the Personal Representative of the Estate of Daniel C. Marburgh, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Union Pacific Railroad Company,<br><br>Defendant. | 8:19CV22<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Union Pacific Railroad Company's ("Union Pacific" or "the Railroad" or "U.P.") motion for summary judgment, Filing No. 21. This is an action for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, brought by the surviving spouse of a former Railroad employee, Daniel C. Marburgh. Plaintiff Delicia A. Marburgh asserts a survival claim on her own behalf and a wrongful death claim on the decedent's behalf, alleging that workplace exposure to toxic substances and carcinogens caused her late husband's adenocarcinoma.

Marburgh worked for the Railroad from 1971 to 1999. He was employed by U.P. and its predecessor as a brakeman, fireman, and engineer. He was diagnosed with adenocarcinoma on August 15, 2015 and died on January 21, 2016. This action was filed on January 18, 2019. Filing No. 1, Complaint. On May 14, 2019, the plaintiff was appointed as the personal representative of Marburgh. Filing No. 25-6, Letters of Independent Administration, Ex. 10 to Ex. 1, Marburgh Deposition.

1

The defendant asserts that the plaintiff's survival claim is time-barred under the FELA's three-year statute of limitations. It argues that Marburgh knew he was injured and knew or should have known of the essential facts of his claim more than three years prior to the filing of this lawsuit. It also argues that the plaintiff did not have the capacity to assert a wrongful death action at the time she brought suit and argues the claim is therefore a nullity. The plaintiff responds that there are genuine issues of material fact on the timing of the accrual of the plaintiff's decedent's claim.

I.  BACKGROUND

   A.   Facts

As relevant to this motion, the plaintiff and defendant agree to the following facts. *See* [Filing No. 25](), Defendant's Brief at 4-5; [Filing No. 29](), Plaintiff's Response Brief at 2-4; [Filing No. 33](), Defendant's Reply Brief at 2-3. Daniel Marburgh was diagnosed with cancer on August 15, 2016. Delicia Marburgh testified that as early as the 1970's, Marburgh knew he was exposed to diesel fumes in his work environment but did not know it was toxic. At her deposition, the plaintiff admitted that she and her husband had discussed the possibility that his cancer could be related to his work environment but did not go into details. She testified that Marburgh believed he could have been exposed to hazardous toxins at his work environment, but did not have time to make the connection between his exposure and his cancer. Delicia Marburgh also testified that she and her husband discussed the diesel fumes he inhaled while working for Union Pacific after he was diagnosed with cancer. Further, she stated that her husband attributed difficulties with allergies to the diesel fumes he had inhaled.

Delicia Marburgh originally filed this action in her individual capacity rather than as the personal representative of her deceased husband's estate. Filing No. 1, Complaint. The Court later ordered the plaintiff to file proof of capacity to maintain the action. Filing No. 6. The record shows Delicia Marburgh filed such proof on May 16, 2019. Filing No. 13, Letters of personal representative.

B. Law

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.*

"[F]or an injury resulting in death [the FELA] gives two distinct causes of action." *Baltimore & O.S.W.R. Co. v. Carroll*, 280 U.S. 491, 495 (1930). "One for the loss and suffering of the injured person while he lived, and another for the pecuniary loss to the beneficiaries named in the act as a result of his death." *Id.*; *see also St. Louis, I.M. & S. Ry. Co. v. Craft*, 237 U.S. 648, 658 (1915) (explaining that that a survivor action is "the

3

right existing in the injured person at his death—a right covering his loss and suffering while he lived, but taking no account of his premature death or of what he would have earned or accomplished in the natural span of life"); *Connors v. Gallick*, 339 F.2d 381, 385 (6th Cir. 1964) (stating the FELA "is construed to provide two causes of action, one belonging to the injured employee to be prosecuted by him for his own injury, suffering and losses, and the other a wrongful death action in favor of the named beneficiaries for their pecuniary damages consequent upon the employee's death.")

The statute of limitations for FELA actions is three years from the day the cause of action accrues. 45 U.S.C. § 56. A survival action under the FELA belongs to the employee, not the personal representative, and accrues when he or she is aware, or should have been aware, that he was injured and that his injury may have been caused by his work. *Greene v. CSX Transp., Inc.*, 843 S. 2d 157, 163 (Ala. 2002). An FELA claim for wrongful death accrues on the date of death. *Reading Co. v. Koons*, 271 U.S. 58 (1926).

Where a claimant has no reason to know of his injury when it is sustained, his cause of action under the FELA does not accrue, and the limitations period therefore does not begin to run, until the claimant becomes aware that he has been injured and that his injury is work related. *Urie v. Thompson*, 337 U.S. 163, 169-70 (1949) (recognizing that a cause of action accrues "only when the accumulated effects of the deleterious substances manifest themselves"). Thus, the FELA statute incorporates a discovery rule: "When the injury is not a single traumatic one with immediate symptoms, but rather a latent one with symptoms appearing over time, 'the cause of action does not accrue until the employee is aware or should be aware of his condition.'" *White v. Union Pacific R.R.*

4

Co.*, 867 F.3d 997, 1001 (8th Cir. 2017) (quoting *Fletcher v. Union Pacific R.R. Co.*, 621 F.2d 902, 906 (8th Cir. 1980)). The employee must also know, or have reason to know, the condition's cause. *Id.*; *see also Granfield v. CSX Transp., Inc.*, 597 F.3d 474, 481 (1st Cir. 2010).

The determination of when a claim accrues requires an objective inquiry into when a claimant knew or should have known, in the exercise of reasonable diligence, the "'essential facts of injury and cause.'" *White*, 867 F.3d at 1001 (quoting *Fries v. Chi. & Nw. Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990)). "After a condition manifests itself, the question becomes whether the plaintiff knew or, through the exercise of reasonable diligence, should have known of the cause of his injury." *Id.* at 1002-03 (quoting *Sweatt v. Union Pacific R.R., Co.*, 796 F.3d 701, 707 (7th Cir. 2015)). A claim accrues when "one reasonably should know that his symptoms are fairly attributable to a workplace injury." *Id.* at 1003. This rule imposes on injured plaintiffs an affirmative duty to investigate the potential cause of a known injury. *Tolston v. Nat'l R.R. Passenger Corp.*, 102 F.3d 863, 865 (7th Cir. 1996).

Application of the discovery rule involves determining what the plaintiff knew or should have known, which is a factual question that is appropriate for the trier of fact. *Granfield*, 597 F.3d at 482; *see also Genereux v. Am. Beryllia Corp.*, 577 F.3d 360, 360 (1st Cir. 2009) (stating that determining when a plaintiff had notice of the likely cause of an injury is an example of such a factual determination); *Green v. CSX Transportation, Inc.*, 414 F.3d 758, 764 (7th Cir. 2005) (finding a fact question on whether the plaintiff's intermittent pain in her shoulder for which she sought treatment on only one occasion without missing any work would have been sufficient to put a reasonable person on notice

that she had suffered a cognizable work-related injury); *Smith v. States Marine Int'l, Inc.*, 864 F.2d 410 (5th Cir. 1989) (finding an issue of fact on whether the plaintiff should have appreciated that his hearing loss was attributable to long-term exposure to loud noises).

The district court has authority to allow the amendment of a complaint to allow a claim to proceed with the plaintiff as the representative of an estate and that amendment relates back to the original filing. *Missouri, Kan., & Tex. Ry. Co. v. Wulf*, 226 U.S. 570, 576-77 (1913).

II. DISCUSSION

To prevail on its motion for summary judgment, the Railroad must show that the wrongful death and survivor claims are time-barred as a matter of law. Based on the evidence before it, the Court finds the Railroad has not made that showing. The issue is when Daniel Marburgh knew, or should have known, first, that he had adenocarcinoma, and second, that the adenocarcinoma could be attributed to his work for U.P.

The record does not clearly establish that Daniel Marburgh's claim accrued more than three years before the plaintiff filed this action. The plaintiff's decedent received a diagnosis of adenocarcinoma on August 15, 2015. Though there is evidence that the topic of whether exposures at work had caused the condition was discussed at some point, U.P. has not shown that Daniel Marburgh knew or should have known prior to January 18, 2016—three years before this action was filed—that he suffered from adenocarcinoma that was caused by his exposure to toxins when he worked at U.P. There are no facts in evidence that support the conclusion that Daniel Marburgh knew, or reasonably should have known, between August of 2015 and January of 2016 that his condition arose from his employment. The evidence here shows that Marburgh died only

6

five months after his diagnosis. Whether he had the time or the obligation to investigate the cause of his diagnosis is a question of fact.

The Railroad has not presented evidence that controverts Delicia Marburgh's testimony that she and her husband were most concerned over the years about the effect of diesel fumes on her husband's allergies and the carcinogenic effect of the fumes was not discussed, other than in generalities. The undisputed facts do not establish that Daniel Marburgh linked his injury to his employment at the time of his cancer diagnosis, and questions of what a reasonable person in his shoes would have known or should have done to investigate are factual questions that are not appropriate to resolve on a motion for summary judgment. The Court finds a genuine issue of material fact on the accrual of Daniel Marburgh's claim.

The decedent could have known of the cause of his injury only if he actually knew of the general correlation between exposure to toxins and cancer. There is, however, no evidence in the record from which to deduce this factual predicate. No evidence suggests that he associated cancer with exposure to toxins at work. Even assuming that the diagnosis would have triggered a duty to use reasonable diligence to discover the cause of his injury, he would not have had time to do so and there is no evidence of what reasonable diligence would have entailed. Therefore, at this juncture, the Court cannot grant summary judgment on statute of limitations grounds.

The Court rejects the Railroad's contention that Delicia Marburgh's claim is a nullity because she lacked status as personal representative at the time she filed this action. There is no dispute that the action was filed within three years of the date of her husband's death. The plaintiff was granted leave to make a showing that she was personal

representative. She has cured the deficiency of her original complaint by making that showing. The Court would allow the plaintiff to amend her complaint under Federal Rule of Civil Procedure 15 to indicate her capacity to sue in any event, so the issue is moot. Accordingly, the Court finds the Railroad's motion for summary judgment should be denied.

IT IS ORDERED that the defendant's motion for summary judgment is denied.

Dated this 11th day of May 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge